IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ADELAIDO SAMUEL TRUJILLO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV03-533-S-MHW |
| | ) | |
| vs. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| SERGEANT TALLY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Court recently reopened this case and now considers all pending motions. Having reviewed the parties' filings, as well as the record in this case, the Court enters the following Order.

## BACKGROUND

Plaintiff, a Washington state inmate, was incarcerated for a time at the Idaho Maximum Security Institution (IMSI). His claims arise from his Idaho incarceration. Previously, the Court granted in part and denied in part Defendants' Motion for Summary Judgment. *See Order of August 3, 2005* (Docket No. 111). Only limited claims against several Defendants remain.

**MEMORANDUM DECISION AND ORDER  1**

**REVIEW OF PLAINTIFF'S PRELIMINARY MOTIONS**

**A.    Plaintiff's Motion to Clarify (Docket No. 180)**

Plaintiff asks the Court to clarify whether Defendant Callahan has consented to the jurisdiction of a magistrate judge.  Defendant Callahan was a John Doe Defendant at the beginning of the case, whose true name was added in the Order of August 3, 2005 (Docket No. 111).  The Court does not need to obtain consent from defendants who have not been served because they are not "parties" under the meaning of 28 U.S.C. § 636(c).  *See Davis v. Clearlake Police Dept.*, 2007 WL 2318946 (D. Cal. 2007) (relying on *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995)); *Myers v. U.S. Dept. of Labor*, 2003 WL 21018277 (D. Cal. 2003) (same).[1]

At the time the August 3, 2005 Order was entered, all parties then appearing before the Magistrate Judge had consented.  See Clerk's Docket Entry of March 9, 2004.  Thereafter, counsel for Callahan was served with a waiver of summons on August 24, 2005 (Docket No. 117), and it was returned on September 23, 2005 (Docket No. 120).  Callahan filed an answer on October 13, 2005.  Petitioner filed a Motion for Recusal and Withdrawal of Consent, and Defendant Callahan filed a Response opposing the Motion on July 14, 2006 (Docket No. 145).  Callahan's Response makes it entirely clear that

---

[1] The Fifth Circuit reasoned:
> The record does not contain a consent from the defendants. However, because they had not been served, they were not parties to this action at the time the magistrate entered judgment. Therefore, lack of written consent from the defendants did not deprive the magistrate judge of jurisdiction in this matter.

59 F.3d at 532.

**MEMORANDUM DECISION AND ORDER  2**

Callahan understood the issue of magistrate consent, that it was an option, and that once given, it could not be withdrawn in the absence of extraordinary circumstances. Most importantly the Response makes it clear that Callahan intended to be bound by the magistrate judge's rulings.

Defendant Callahan has stated that he impliedly consented by his appearance before the magistrate court, and that he expressly consents in his Response (Docket No. 173, p.4). This constitutes adequate consent. *See Roell v. Withrow*, 538 U.S. 580, 584 (2003) (consent may be implied where the party without written consent "voluntarily participated in the entire course of proceedings before the Magistrate Judge, and voiced no objection when the Magistrate Judge made it clear that she believed they had consented"; this outcome serves the goal of deterring dissatisfied parties from bringing up the consent issue only after the court has ruled against such parties).

**B.      Plaintiff's Motion for Hearing (Docket No. 166)**

Plaintiff requests an "Article III judge hearing" on his Motions to Reconsider. The Court agrees with Defendant Callahan's arguments presented in his Response to Motion for Hearing (Docket No. 173), and denies Plaintiff's Motion for Hearing on the grounds set forth in the Response.

**C.      Plaintiff's Motion for a More Definite Statement (Docket No. 190)**

Plaintiff argues that he did not receive Defendant Callahan's Response to Plaintiff's Motion. Defendant Callahan sent a second copy of the Response to Plaintiff. Therefore, the Motion is moot.

**MEMORANDUM DECISION AND ORDER  3**

**D.     Plaintiff's Motions to Strike**

Plaintiff asks the Court to strike Defendants' Motions and other papers for various technical reasons.  Plaintiff's interpretation of the Rules is not necessarily correct.  In addition, the Court prefers to adjudicate claims on the merits, rather than on technicalities.  Therefore, the Motions to Strike (Docket No. 185,187, 190 & 193) are denied.

## CROSS-MOTIONS FOR SUMMARY JUDGMENT

**A.     Standard of Law**

Plaintiff has filed a Motion for Partial Summary Judgment (Docket No. 169), and Defendant Callahan has filed a Motion for Summary Judgment (Docket No. 178).  Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In a motion for summary judgment, the moving party bears the "initial burden of identifying for the court those portions of the record which demonstrate the absence of any genuine issues of material fact."  *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)).  If the moving party points to portions of the record demonstrating that there appears to be no genuine issue of material fact as to claims or defenses at issue, the

**MEMORANDUM DECISION AND ORDER  4**

burden of production shifts to the non-moving party.  To meet its burden of production, the non-moving party "may not rest upon the mere allegations contained in his complaint, but he must set forth, by affidavits, exhibits or otherwise, specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56; *see T.W. Electric Serv.*, 809 F.2d at 630 (internal citation omitted).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party.  All inferences that can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party.  *T.W. Elec. Serv.*, 809 F.2d at 630-31 (internal citation omitted).

Rule 56(c) requires the Court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  The existence of a scintilla of evidence in support of the non-moving party's position is insufficient.  Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson v. Liberty Lobby*, 477 U.S. at 252.

To prevail on an Eighth Amendment claim regarding prison medical care, Plaintiff must show that prison officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)).  The Supreme Court has opined that "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an

**MEMORANDUM DECISION AND ORDER  5**

Eighth Amendment violation only if those needs are 'serious.'" *Id.*

> The Ninth Circuit has defined a "serious medical need" in the following ways: failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain; . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer v. Brennan,* 511 U.S. 825, 838 (1994).

If the defendants are able to show that medical personnel have been "consistently responsive to [the inmate's] medical needs, and there has been no showing that the medical personnel had "subjective knowledge and conscious disregard of a substantial risk of serious injury," a plaintiff's claims may be dismissed by summary judgment prior to trial. *Toguchi v. Chung*, 391 F.3d 1051, 1061 (9th Cir. 2004).

On the other hand, to prevail on an Eighth Amendment claim, the plaintiff need not prove a "complete failure to treat." *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). Failure to render competent care may also violate the Eighth Amendment. *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982).

Mere indifference, medical malpractice, or negligence will not support a cause of

**MEMORANDUM DECISION AND ORDER  6**

action under the Eighth Amendment.  *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir. 1980).  A mere delay in treatment does not constitute a violation of the Eighth Amendment, unless the delay causes serious harm.  *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).  Differences in judgment between medical providers or between an inmate and a medical provider regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim.  *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

**B.     Facts**

The following facts are undisputed or construed in a light most favorable to Plaintiff.  In the evening of March 19, 2002, Plaintiff was kicked on or near the groin by another inmate.  At that time, Plaintiff was housed in the segregation unit.  Defendant Earl Callahan, a correctional medical specialist, was sent to examine Plaintiff at about 9:55 p.m.  Callahan alleges that he briefly examined Plaintiff, and found Plaintiff to be suffering from discomfort, but not from any serious medical need.  For purposes of this Motion, the Court uses Plaintiff's description that Callahan's examination was performed by visually looking through a plexiglass window several feet away from him.  Both parties agree that at 9:55 p.m. Plaintiff's abdomen was "pink," and he was complaining of pain from the kick.  Plaintiff requested a physical examination and pain medication.  Plaintiff alleges that Callahan did not provide a physical examination or any pain medication.  Callahan diagnosed Plaintiff with "alteration in comfort."  Plaintiff does not dispute that Callahan advised Plaintiff to notify the medical department if Plaintiff's

**MEMORANDUM DECISION AND ORDER  7**

condition worsened.  *See Incident Reports and Medical Records Exhibits attached to Affidavit of Trujillo* (Docket No. 169-3).  It does not appear that Callahan offered Plaintiff any pain medication.

Plaintiff and Callahan had no further interaction beyond the visual examination.  Later that night (March 19, 2002), Plaintiff complained of pain and asked two officers for medical attention and pain medication.  Plaintiff alleges that these officers entered his cell and viewed his injury with a flashlight, and did not provide him with medical attention or pain medication.

The next day, March 20, 2002, Plaintiff submitted a Health Services Request Co-Pay Form (hereinafter "kite") complaining of pain and requesting an examination of the area where he was kicked.  Plaintiff was treated the following afternoon, March 21.  The treating nurse noted "soft tissue swelling" in the right scrotum, but that the testicle appeared "well defined" and that there was "no abnormal tissue felt in scrotum."  The nurse gave Plaintiff a diagnosis of "alteration in comfort," prescribed a low dosage of Ibuprofen, and asked Plaintiff to provide a urine sample to check for blood in Plaintiff's urine, which would be an indication of a more serious injury.

Four days later, on March 25, 2002, Plaintiff submitted a second kite regarding his injury.  He was seen on March 26, 2002.  At that time, he continued to complain of pain.  The nurse indicated that there was no evidence of a swollen scrotum or testicle, and no evidence of a hernia.  Plaintiff denied experiencing nausea, or frequent, urgent, or burning urination.  Plaintiff was diagnosed with an alteration in comfort and soft tissue damage.

**MEMORANDUM DECISION AND ORDER  8**

It was explained to Plaintiff that his urine sample test results had returned from the lab and showed no evidence of bleeding, infection, kidney problems, or any other problems resulting from Plaintiff having been kicked in and near the groin.

Plaintiff admitted in deposition that his pain got better over time, and by the time he was transferred from Idaho back to Washington, he was no longer suffering any pain in the affected area.

**C.     Discussion**

Plaintiff's complaint against Earl Callahan is that he performed an inadequate medical examination on him and failed to provide any pain medication on the date of injury. For the purposes of these Motions, the Court uses Plaintiff's version of the facts, which is that Earl Callahan only looked at the area of his injury from a window in a very cursory manner. Here, to avoid summary judgment, Plaintiff must show that he had a serious medical need, and that Callahan disregarded an "excessive risk to inmate health and safety," or a "substantial risk of serious" harm. *Farmer*, 511 U.S. at 838.

A delay of several hours is constitutionally actionable where it appears that such a failure to treat was due to deliberate indifference. *See Brown v. Hughes*, 894 F.2d 1533 (11th Cir. 1990) (few hours' delay for a severe and painful broken foot); *Aldridge v. Montgomery*, 753 F.2d 970, 972-73 (11th Cir. 1985) (two and a half hour delay in treatment for a bleeding cut under the eye). "Evidence of recent traumatic injury . . . has generally been sufficient to demonstrate a serious medical need." *Brown*, 894 F.2d at 1538 n.4. In contrast, in *Clark v. Spey*, 2002 WL 31133198 (D. Ill. 2002), the court found

**MEMORANDUM DECISION AND ORDER  9**

that a delay of approximately eight hours in providing medical care to an inmate whose hand and wrist were slammed in a "chuckhole door" did not arise to the level of a constitutional violation.  That court noted that Inmate Clark "has not alleged any serious or permanent injury, such as broken bones, a need for surgery, or a lasting injury of any kind," and that when he did receive care, "the only treatment Clark required was to wash his cuts with soap and water and to get some rest." *Id*. at *4.

Here, Plaintiff suffered a soft tissue injury as a result of being kicked in the groin area.  He alleges that he asked Callahan for a physical examination and pain medication, and that Callahan ignored him.  Plaintiff next asked Defendants Talley and John Doe II for pain medication, and they did not provide any.  Plaintiff's pain remained severe enough after two days that he was prescribed pain medication during his first medical visit regarding the incident.  Plaintiff's pain continued for many days after his first visit.

The Court concludes that Plaintiff has stated sufficient facts to pose a jury question on deliberate indifference.  Therefore, the cross-Motions for Summary Judgment shall be denied.

This entire remaining matter shall be referred to mediation.  Plaintiff and counsel for all remaining defendants (Talley, Acree, Payton, and Callahan) shall contact Denise Asper, the Alternative Dispute Resolution Coordinator at 334-9067, to arrange for mediation.  The Court will attempt to find pro bono counsel for Plaintiff for the limited purpose of aiding him in mediation if Plaintiff requests appointment of counsel within the next fourteen (14) days.

**MEMORANDUM DECISION AND ORDER  10**

# ORDER

NOW THEREFORE IT IS HEREBY ORDERED AS FOLLOWS:

A. Plaintiff's Motion for Hearing (Docket No. 166) is DENIED.

B. Plaintiff's Motion for Partial Summary Judgment (Docket No. 169) is DENIED.

C. Defendant Callahan's Motion for Summary Judgment (Docket No. 178) is DENIED.

D. Plaintiff's Motion to Clarify (Docket No. 180) is GRANTED to the extent that Defendant Callahan has consented to the jurisdiction of a United States Magistrate Judge.

E. Plaintiff's Motion to Strike Motion for Summary Judgment (Docket No. 185) is DENIED.

F. Plaintiff's Motion to Strike Motion for Summary Judgment (Docket No. 187) is DENIED.

G. Plaintiff's Motion for a More Definite Statement (Docket No. 190) is MOOT.

H. Plaintiff's Motion to Strike Memorandum (Docket No. 190) is DENIED.

I. Plaintiff's Motion to Strike Memorandum (Docket No. 193) is DENIED.



DATED: **November 30, 2007**

Honorable Mikel H. Williams
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER 12**